[ * 517 ]

## * COMMONWEALTH *versus* WILLIAM M'MONAGLE.

An indictment for breaking a *store*, cannot be supported under the act of March 15, 1785, (*stat.* 1784, *c.* 66,) unless it be averred in the indictment that the store is a building.

THIS indictment charged that the defendant broke and entered the *store* of J. P., with an intent to steal, and that he stole therefrom divers goods, &c., against the statute, &c. Plea, not guilty Verdict, guilty.

By the statute of March 15, 1785, *sect.* 8, (*stat.* 1784, *c.* 66,) it is enacted, " that if any person shall break up any dwelling-house, in the day time, with an intent to steal, or commit any felony, or break up any warehouse, shop, mill, malt-house, barn, stable, out house, or any public building, or other building whatsoever, or any ship, or other vessel, being within the body of the county, by night or by day, with an intent to steal, or commit any felony, and being thereof convicted, shall," &c.

SEDGWICK and THACHER, justices, were of opinion, that as the word " store " is not used in the statute, and as it is not averred in the indictment, that the store broken was a *building*, judgment could not be rendered upon that clause in the statute, which describes, and provides for the punishment of, the offence of breaking, &c.

SEWALL, J., doubted whether it was necessary to aver it; be

cause the word "store" has in this state a settled, known meaning, and is not used otherwise than as and for the name of a building; but as there were some doubts in his mind on the subject, he concurred with the other judges in recommending to the *Solicitor-General* to enter a *nolle prosequi*, as to that part of the charge.

The *Solicitor-General* entered a *nol. pros.* agreeable to the recommendation of the Court—as he did also on another indictment, drawn in the same form, against *Lemuel Lewis*, who was charged with breaking, &c., the *store* of *W. M. C.*, and on [ * 518 ] * which *Lewis* had been found guilty, by the verdict of the jury.

NOTE.—According to my present recollection, the words " store," and " shop," have been used indiscriminately, in indictments upon this statute. And in common use, *here*, they mean nearly, if not precisely, the same thing. But I do not remember that exception has been taken to an indictment on account of the word " store ' being used instead of " shop." In this case, it was first noticed and mentioned by SEDGWICK, J.—[Storehouse is the proper word, or warehouse.—ED.]